[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15845
Non-Argument Calendar
_____

D.C. Docket No. 3:08-cr-00001-DHB-WLB-20

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HASSAN BEASLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 31, 2014)

Before TJOFLAT, JORDAN and COX, Circuit Judges.

PER CURIAM:

Hassan Beasley, a federal prisoner appearing *pro se*, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Beasley pleaded guilty to a conspiracy to distribute crack cocaine and other drugs. He then faced a sentence guideline range of 151 to 188 months' imprisonment based on his status as a career offender under U.S.S.G. § 4B1.1. The district court sentenced him to 130 months in prison. Beasley contends that he now is eligible for a sentence reduction pursuant to Amendments 750 and 759 of the Sentencing Guidelines—which amended how quantities of drugs are calculated under U.S.S.G. § 2D1.1—notwithstanding the fact that his guideline range was determined based on the career offender provision in U.S.S.G. § 4B1.1. Because these amendments did not alter Beasley's sentencing range, we affirm the district court's denial of his motion for a sentence reduction.

We review the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2) de novo. *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).

"As a general rule, district courts may not modify a term of imprisonment once it has been imposed, except in specific circumstances delineated in 18 U.S.C. § 3582(c)." *United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008). Pursuant to § 3582(c)(2), the court is allowed to reduce a defendant's prison term if the defendant was "sentenced to a term of imprisonment based on a sentencing

2

range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range").

Amendment 750 to the Sentencing Guidelines lowered some of the drug-quantity calculations used under U.S.S.G. § 2D1.1. But, Beasley's sentencing range was calculated under the career-offender guideline in U.S.S.G. § 4B1.1.[1] Accordingly, Amendment 750 did not alter the sentencing range upon which his sentence was based, and § 3582(c)(2) does not authorize a reduction in sentence. *See Moore*, 541 F.3d at 1330.

For these reasons, the district court did not err in denying Beasley's § 3582(c)(2) motion, and we affirm.

**AFFIRMED.**

---

[1] Beasley contends the district court actually used the sentencing range under U.S.S.G. § 2D1.1 because the court chose a downward departure from the sentencing range under U.S.S.G. § 4B1.1. We find no merit in this contention. The court chose a downward departure from the U.S.S.G. § 4B1.1 sentencing range. If the U.S.S.G. § 2D1.1 sentencing range applied, the court's sentence would instead be an upward departure.